Davenport *v.* Sniffen.

SAME TERM. *Before the same Justice.*

DAVENPORT *vs.* SNIFFEN and others.

A judge, at chambers, has no power to grant an order extending the time to demur. That can be done only by the court.

After an order has been regularly obtained extending the time to answer, it is irregular for the defendant to demur.

Nor can a defendant, after having obtained an irregular order extending the time to answer, demur while such order is in force, and before the same is vacated.

IN EQUITY. Application by the plaintiff to take a demurrer, filed by the defendants, off the files, with costs. The defendant, within forty days after the service of the bill, obtained an order extending the time to answer, plead or demur. This order being irregular, for having been obtained without affidavit, as required by rule 85, was on application to the court, vacated. After the making of the motion to vacate, and before the decision of the court thereon was announced and the vacatur served, the defendant filed and served a demurrer.

*J. E. Burrill, Jun.* for the plaintiff. 1. The order for further time to answer, plead or demur, was irregular and void. So far as it was an order for time to answer, it was void, as not having been granted on cause shown by affidavit, as is required by rule 85, in equity. So far as it was an order for time to demur, it was a nullity. (*Burrall* v. *Raineteaux,* 2 *Paige,* 331.) Such an order could not be granted by a judge at chambers, under the 85th rule. That rule only authorizes the

Davenport *v.* Sniffen.

granting of further time to answer, reply, or except. Time to demur could only be granted by the court. (*See Rule* 86.) 2. The order extending the time having been vacated, as being void ab initio, the defendant had no right to demur after the 40 days had expired. He cannot take advantage of his own wrong. 3. If the order was good as an order for time to answer, the defendant could not demur, after obtaining such an order. (2 *Paige,* 331. *Bedell* v. *Bedell,* 2 *Barb. Ch. Rep.* 99.)

*T. E. Tomlinson,* for the defendant. A party may demur at any time until he is affected with process of contempt, by the return of an attachment issued against him for want of an answer. (3 *Bro. Ch. Rep.* 372. 2 *Cox's Ca.* 268.) Here the defendant was not in contempt; for no attachment issued until after the demurrer was put in. The order to extend having been irregularly obtained, it was the same as if there had been no order; and the defendant had a right to demur at any time before he was placed in contempt.

EDMONDS, J. The defendant's practice was irregular. A judge, at chambers, had no right to extend the time to demur. That could be done only by the court. And after time to answer has been extended, it is irregular to demur.

But it is insisted that the defendant may put in a demurrer at any time before an attachment is issued; and that as the order extending the time was irregular, it did not interfere with the operation of this rule. There are two answers to this; first, the order, though irregular, was not void, and could not be disregarded. It was an order to extend the time to answer; operative until vacated. And the rule is well settled that after such an order the defendant cannot demur. Second, that the defendant would gain more by having been irregular than if he had been regular. It is clear that after a regular order to extend the time, he could not demur. Ought he to have that privilege after an order that is irregular? That would be a bounty on irregularity; an actual reward for disregarding

the rules and the practice. The order asked for must be granted.

I am sorry to be compelled to grant costs, but the defendant has placed me in such a situation that I cannot avoid it, without displaying an inexcusable disregard of the rules. I do not see that there was any necessity for the issuing of the attachment; but the manner in which the demurrer was put in gave the plaintiff an excuse for his proceedings; and as he was regular, he must have his costs.

SAME TERM.   *Before the same Justice.*